**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 4, 2015

LETTER TO COUNSEL

RE:   *Renee D. Morgan v. Commissioner, Social Security Administration*;
        Civil No. SAG-14-1256

Dear Counsel:

On April 14, 2014, Plaintiff Renee D. Morgan petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Morgan protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 23, 2011. (Tr. 85-86, 201-11). She alleged a disability onset date of May 1, 2008, and January 1, 2009, respectively. (Tr. 201, 203). Her claims were denied initially and on reconsideration. (Tr. 87-114, 131-34). A hearing was held on February 12, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 32-60). Following the hearing, the ALJ determined that Ms. Morgan was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-31). The Appeals Council denied Ms. Morgan's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Morgan suffered from the severe impairments of bipolar disorder/mood disorder/major depressive disorder, post-traumatic stress disorder (PTSD)/panic disorder, degenerative disc disease, degenerative joint disease of the hips, degenerative joint disease of the right shoulder, obesity, hepatitis, asthma, and seizure disorder. (Tr. 19-20). Despite these impairments, the ALJ determined that Ms. Morgan retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is further limited to no more than frequent balancing, stooping, kneeling, and crouching; no more than occasional crawling and climbing of ramps or stairs; and no climbing of ladders, ropes, or scaffolding. She must avoid concentrated exposure to fumes, dusts, gasses, odors, poor ventilation, extremes of heat and

> cold, and other pulmonary irritants. The claimant must avoid all exposure to hazardous machinery and heights. Due to ongoing psychiatric symptoms, Ms. Morgan can understand simple instructions and carry out/perform simple, routine work that involves no more than occasional interaction with co-workers and the general public. She is able to frequently but not constantly use the upper extremities for handling, and she [is] unable to reach overhead or behind her back with her right upper extremity. However, she can occasionally reach across the body with her right upper extremity.

(Tr. 22-23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Morgan could perform jobs that exist in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 29-30).

Ms. Morgan raises six primary arguments on appeal: (1) that absenteeism would preclude her from engaging in substantial gainful employment; (2) that the ALJ should have found her headaches to constitute a severe impairment; (3) that the ALJ assigned inadequate weight to the opinion of her treating physician; (4) that the ALJ did not include all of her functional limitations in the hypothetical posed to the VE; (5) that the ALJ erred in considering various listings; and (6) that the ALJ's credibility assessment was flawed. Each argument lacks merit and is addressed below.

First, Ms. Morgan contends that her seizures and headaches would result in absenteeism that would preclude sustained work.[1] Pl. Mem. 4-7. In fact, however, the ALJ summarized the medical records which reflected, overall, that Ms. Morgan's seizures were far less frequent than she described at the hearing, and were reasonably well controlled by medication adjustments. *See e.g.,* (Tr. 417) (noting seizures once every two weeks for five minutes or less); (Tr. 590) (noting no seizures since last visit); (Tr. 599) (describing three small seizures since last visit). The ALJ also noted that Mr. Morgan's objective brain studies were all normal. (Tr. 27, 337, 358, 392) The ALJ further noted several medical records suggesting that Ms. Morgan's seizures were stress-induced, which would be addressed with the restriction to simple, routine work without regular interaction with others. (Tr. 26-27). With respect to headaches, there is almost no evidence in the medical record that Ms. Morgan sought medical treatment for headaches, with the exception of a visit at which a CT scan was performed and proved normal. (Tr. 436-39). While other medical records note her history of headaches, she does not appear to tell any physician that her migraines are debilitating and severe. Accordingly, there is insufficient evidence to support the notion that Ms. Morgan would be forced to miss significant time at work as a result of her seizures and headaches.

---

[1] In the midst of her argument about absenteeism, Ms. Morgan also posits that the ALJ had to order pulmonary function testing to evaluate Plaintiff's asthma. Pl. Mot. 6. However, the ALJ is required to order a consultative examination only if the evidence as a whole is insufficient to support a determination. 20 C.F.R. §§ 416.919a, 416.945(a)(3); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). The ALJ evaluated medical records pertaining to Ms. Morgan's respiratory symptoms, *see, e.g.,* (Tr. 26), and included restrictions in the RFC to account for pulmonary issues. Ms. Morgan has not established that the ALJ lacked sufficient evidence in her medical record to support the determination reached.

*Renee Diane Morgan v. Commissioner, Social Security Administration*
Civil No. SAG-14-1256
February 4, 2015
Page 3

Second, Ms. Morgan contends that the ALJ erred at step two of the sequential evaluation by not determining that her headaches constitute a severe impairment. Pl. Mem. 7-8. Step two is simply a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), however, the analysis proceeds to the next step. *Id.* In this case, the ALJ determined that Ms. Morgan suffered from several severe impairments, and, thus, proceeded to steps three and four of the sequential evaluation. (Tr. 19-20). At step four, while determining the extent of Ms. Morgan's functional limitations, the ALJ thoroughly evaluated both Ms. Morgan's subjective complaints and her medical record, and referenced her migraines and headaches multiple times. (Tr. 24, 26). Accordingly, any error by the ALJ at step two, regarding whether Ms. Morgan's headaches constituted a severe impairment, was harmless.

Ms. Morgan also makes a boilerplate argument that the ALJ did not give sufficient weight to the opinions of her treating physicians. (Tr. 8). The argument does not even identify the "treating physician" or "treating physicians'" in question, and does not address why the assignment of weight was inadequate. Importantly, statements that a claimant is disabled or unable to work, are not "medical opinions," but instead, go to issues reserved to the commissioner, and are not given any special significance. 20 C.F.R. § 404.1527(d). The only treating source who issued an opinion in this case was Dr. Eduardo Espiridion, Ms. Morgan's treating psychologist for about six months prior to completing the check-the-box form. (Tr. 783-93). The ALJ adequately supported the assignment of limited weight to Dr. Espiridion's opinion, noting that the extremely restrictive opinion "is not supported by the longitudinal conservative and outpatient treatment record, the documented objective findings reflecting [no] evidence of acute thought content irregularities, and Ms. Morgan's stated ongoing capabilities, including her ability to take care of personal needs independently, prepare small meals, complete light household chores, shop for groceries, and handle her finances." (Tr. 28). Because the ALJ discussed each of these reasons in detail earlier in the opinion, I find the ALJ's assignment of limited weight to be supported by substantial evidence.

Fourth, Ms. Morgan claims that the ALJ should not have relied on the VE's testimony because the ALJ did not include absenteeism in the hypothetical he posed to the VE. Pl. Mot. 9. However, Ms. Morgan's argument is simply a reiteration of her prior claim that the ALJ's RFC determination was inadequate. Because, for the reasons stated above, the ALJ's RFC assessment was supported by substantial evidence, she did not err by basing the hypothetical she posed to the VE on that RFC assessment. *Compare* (Tr. 57-58), *with* (Tr. 22-23). Thus, I find that the ALJ properly relied on the testimony of the VE.

Ms. Morgan next contends that the ALJ "should have ruled that the Plaintiff met or equaled a Listing." Pl. Mot. 9. While Ms. Morgan cites to three listings (11.03, 12.04, and

*Renee Diane Morgan v. Commissioner, Social Security Administration*
Civil No. SAG-14-1256
February 4, 2015
Page 4

12.06), and provides string citations to Ms. Morgan's medical records and GAF scores, she does not provide any analysis of the criteria of the listings and the facts that would suggest that any of those criteria have been met. *Id.* In fact, the ALJ identified each of those three listings and explained specifically why each listing had not been met. (Tr. 21-22). GAF scores are not part of the criteria of the listings and are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). Accordingly, I find no error.

Finally, Ms. Morgan argues that the ALJ erred in making an adverse credibility assessment. Pl. Mot. 11. Once again, Ms. Morgan cites no specific facts to support her claim. In contrast, the ALJ provided fact-specific analysis of Ms. Morgan's claimed physical and mental impairments, explaining why the "objective findings of the claimant's treating and examining sources do not support the severity of restrictions that Ms. Morgan has alleged," and why Ms. Morgan's "statements regarding the severity of her limitations are not entirely credible, to the extent they are inconsistent with the residual functional capacity, because they are not supported by the longitudinal conservative treatment record, the documented objective findings, and Ms. Morgan's stated ongoing capabilities." (Tr. 27-28). Absent any argument suggesting a deficiency in the ALJ's analysis, I find none. Remand is therefore unwarranted.

For the reasons set forth herein, Ms. Morgan's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge